In the Matter of the Application of JAMES CARNEY, Appellant, to Compel an Accounting by THOMAS F. POWERS, an Attorney, for Moneys, Securities and Property Received by Said THOMAS F. POWERS as Such Attorney, Respondent.

Third Department, November 15, 1916.

Attorney and client — petition by client for construction of contract of retainer and for ascertainment of value of services — when invalidity of contract of retainer no defense to payment of attorney.

Where a client on a motion to the court alleges that he had agreed with his attorney to pay him fifty per cent of the amount realized from a certain matter for his services and disbursements; that "he was overreached in the matter;" that the half of the amount realized was greatly in excess of the value of the services, and asks among other things that the attorney be required to account and pay the petitioner the amount found due him "after deducting from the amount collected * * * a fair and reasonable sum as compensation for the services and disbursements * * * in said matter," and the order of reference required the referee to make inquiry as to the legality of said agreement, ascertain the value of the services rendered by the attorney and report·to the court, and also directed that the attorney pay over the amount found due "in excess of the amount found reasonably and properly payable to him," and the referee found that the agreement was void because it contemplated that advances were to be made by the attorney to the client, but also found upon the uncontradicted evidence of reputable attorneys that the services of the attorney were of the reasonable value of one-half of

Third Department, November, 1916.        ·        [Vol. 175.

the amount collected, the finding of the referee as to the value of the services should be affirmed.

The client, after having been defeated upon the very issue which he presented to the court as to the value of the services rendered, cannot object to the payment of the attorney upon the ground of the invalidity of the contract.

APPEAL by the petitioner, James Carney, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 29th day of February, 1916, denying his motion for an accounting, and also from a second order entered in said clerk's office on the same day denying his motion for a new trial.

*James Farrell*, for the appellant.

*Shaw, Bailey & Murphy* [*John T. Norton* of counsel], for the respondent.

KELLOGG, P. J.:

The appellant petitioned the court that his attorney be compelled to render an accounting for the moneys received by him as such attorney. In his petition he states that he had agreed with his attorney to pay him fifty per cent of the amount realized from the matter for his services and disbursements, but alleges that he was overreached in the matter, and the attorney did not give him full information, and that the services rendered by the attorney were of the value of only $1,000, whereas it appears that the half of the amount realized was greatly in excess of that sum, which half the attorney had retained. The prayer of the petition was, among other things, that the attorney be required to make an accounting, and to pay the petitioner the amount which shall be found due him upon such accounting "after deducting from the amount collected by said Powers a fair and reasonable sum as compensation for the services and disbursements of the said Powers in said matter." An order of reference was made, which upon review by this court upon appeal, required the referee to make inquiry as to the circumstances under which the agreement was made, and as to its legality and fairness, and report the same to the court, and to ascertain the value of the services

rendered by the said Powers in said matter; and directed the referee to take an accounting, if in his opinion the agreement should be vacated. The order also directed that the said Powers should pay over the amount found due on said accounting "in excess of the amount found reasonably and properly payable to him." The referee found that the agreement was void, as it contemplated that advances were to be made by the attorney to the client; but found that the services of the attorney were of the reasonable value of one-half of the amount collected. The Special Term found the agreement was valid, and that nothing was due to the petitioner, and dismissed his petition. Upon this appeal the principal contention of the appellant is that the agreement was void and unlawful, in that the attorney agreed to make advances for the client in the litigation, and that by reason of the invalidity of the agreement the attorney can retain nothing for his services, and that the referee was not justified in finding that the services were worth one-half of the amount received from the evidence, although the appellant introduced no evidence contradicting the experts called by the respondent to show the value of such services. The referee adopted the value fixed by the experts called by the respondent. The petitioner, instead of applying to the court for relief against his attorney by motion, could have brought an action and had the matter determined according to strict legal rules. But he chose to proceed by motion, based upon the theory that his attorney was not dealing justly with him, and in his petition recognized that the services of the attorney were valuable, and asked in substance that the value of the services actually rendered be ascertained and that the same be allowed the attorney from the moneys found in his hands upon the accounting. The case was tried upon that theory before the referee, and apparently at the Special Term. It is now too late to urge that the attorney is entitled to no compensation, if the agreement is invalid. The appellant has been beaten upon the very issue which he presented to the court, and after having requested that the value of the respondent's services be ascertained and allowed him, it is now too late to object to an order which fixes and allows the value of such services. Reputable attorneys were sworn as to the value of the services

rendered. The appellant introduced no testimony on that subject. The referee was, therefore, justified in accepting the testimony of the experts as the real value of the services. If the services were worth fifty per cent of the amount recovered, as found by the referee, it is immaterial to the appellant whether the contract is legal or illegal, he having offered in his petition to pay the value of such services, for the amount found by the referee as the value of the services is fully as favorable, and apparently more favorable, to the appellant than the contract price. We approve of the finding of the referee as to the value of said services, and such approval should be made a part of the order herein as a finding of fact. It results, therefore, that the petitioner is not aggrieved by the order appealed from. It should, therefore, be affirmed, with costs.

Orders unanimously affirmed, with ten dollars costs and disbursements; COCHRANE, J., not sitting. The court approves of the sixth finding of fact of the referee as follows: That the reasonable value of the defendant's (now respondent) services in these proceedings is fifty per cent of the distributive share of the plaintiff after deducting from such distributive share the necessary expenses of the defendant's proceedings in plaintiff's behalf; and such finding should be inserted in the decision herein as a finding of fact.